T.C. Memo. 2010-74

UNITED STATES TAX COURT

PHILIP A. LEHMAN AND SARA A. MERRICK, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16845-07.                    Filed April 14, 2010.

<u>Robert A. Wise</u>, for petitioners.

<u>Richard J. Hassebrock</u> and <u>Gary R. Shuler</u>, for respondent.

MEMORANDUM OPINION

HALPERN, <u>Judge</u>:  Respondent has determined deficiencies in, and penalties with respect to, petitioners' Federal income tax liabilities as follows:

| Year | Deficiency | Penalties | |
| | | Sec. 6662(a) | Sec. 6663(a) |
| --- | --- | --- | --- |
| 1998 | $74,320 | $14,864 | -- |
| 1999 | 89,478 | 17,896 | -- |
| 2000 | 71,614 | 6,539 | $29,190 |
| 2001 | 63,800 | 852 | 44,656 |
| 2002 | 29,586 | 861 | 18,962 |

Unless otherwise stated, section references are to the Internal Revenue Code in effect for the years in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

Some facts have been stipulated and are so found. The stipulation of facts, with accompanying exhibits, is incorporated herein by this reference. We need find few facts in addition to those stipulated and therefore shall not separately set forth our findings of fact. We shall make additional findings of fact as we proceed.

Petitioners bear the burden of proof with respect to the issues remaining for decision. See Rule 142(a). Petitioners have not raised the issue of section 7491(a), which shifts the burden of proof to the Commissioner in certain situations. We conclude that section 7491(a) does not apply here because petitioners have not produced any evidence that they have satisfied the preconditions for its application.

## Background

The parties have filed, and we accept, a stipulation of settled issues that disposes of all but two issues in this case. Those two issues relate to respondent's adjustments disallowing

net operating loss (NOL) deductions that petitioners claimed for the years in issue. Respondent made those adjustments in part on the ground that petitioners had failed to establish that petitioner husband (Mr. Lehman) sustained NOLs in 1994 and 1995 or that, if he did, any of those losses carried over and were available as NOL deductions for any year in issue. Respondent further argues that, even if we find that any of those losses carried over and were available as NOL deductions for any year in issue, the passive activity loss rules of section 469 preclude petitioners from claiming those deductions. Because we sustain respondent's adjustments disallowing the NOL deductions on the ground that petitioners have failed to show that they are entitled to NOL deductions for any year in issue, we need not consider section 469.

## Discussion

Section 172 provides for an NOL deduction. As they apply to this case, the rules of section 172 can be stated summarily. An NOL is the excess of the deductions allowed over the gross income. Sec. 172(c). An NOL for any taxable year may be carried back to each of the 3 taxable years preceding the taxable year of the loss and carried over to each of the 15 taxable years following the taxable year of the loss. Sec. 172(b). A taxpayer may elect to waive the 3-year carryback period. Sec. 172(b)(3).

On his 1994 and 1995 Federal income tax returns, Mr. Lehman reported NOLs of $60,312 and $57,040, respectively. Petitioners concede that Mr. Lehman made no effective elections to waive the carryback period for those losses. Therefore, to prevail, petitioners must prove (1) that Mr. Lehman incurred those losses and (2) that those losses were not absorbed during the period beginning with 1991 (the earliest carryback year) and ending with 1997 (the last year before the first year here in issue). To carry that burden, petitioners must introduce convincing evidence not only of Mr. Lehman's NOLs for 1994 and 1995 but also of his taxable income for the other years (the carry years) in the period beginning with 1991 and ending with 1997. See, e.g., Leitgen v. Commissioner, T.C. Memo. 1981-525, affd. without published opinion 691 F.2d 504 (8th Cir. 1982).

In the petition, petitioners aver nothing with respect to either the losses Mr. Lehman reported for 1994 and 1995 or his taxable income for the carry years. See Rule 34(b)(5) (requiring in a deficiency case statements of the facts on which the taxpayer bases his assignments of error (except with respect to assignments of error for which the Commissioner bears the burden of proof)). On brief, petitioners make 36 proposed findings of fact, only 2 of which (remotely) address the 1994 and 1995 losses or Mr. Lehman's taxable income for the carry years. See Rule 151(e)(3) (briefs shall contain proposed findings of fact).

Those two proposed findings concern "Byers Inn", a tavern-restaurant that petitioners claim Mr. Lehman operated at a loss. Those two proposed findings are: (1) "Byers Inn never turned a profit", and (2) "Byers Inn incurred expenses that exceeded its income." On brief, petitioners allege that Mr. Lehman operated Byers Inn at a loss from 1993 through 1999 and that a flood in 2003 destroyed the records of that operation. Petitioners argue that, under the so-called Cohan rule, the net operating loss deductions at issue should be allowed "despite the lack of substantiating documentation."

Under the Cohan rule, if a taxpayer establishes that an expense is deductible but is unable to substantiate the precise amount, the Court may estimate the amount, bearing heavily against the taxpayer whose inexactitude is of his own making. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). To apply the Cohan rule, however, the Court must have some information to estimate the proper deduction. See Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Petitioners have proposed no facts that, were we to so find, would allow us to make a reasonable estimate of Mr. Lehman's 1994 and 1995 losses from Byers Inn. Tax returns alone do not establish that a taxpayer suffered a loss. E.g., Wilkinson v. Commissioner, 71 T.C. 633, 639 (1979). Even were we to accept Mr. Lehman's vague testimony that Byers Inn never turned a profit, we would still

lack sufficient information to make a reasonable estimate of his 1994 and 1995 losses.  Petitioners have failed to carry their burden of proving an NOL for either 1994 or 1995.  Moreover, Mr. Lehman's tax returns for the carry years are insufficient to prove that any 1994 and 1995 NOLs (assuming such) were not completely absorbed during the carry years.  See, e.g., <u>Stutsman v. Commissioner</u>, T.C. Memo. 1961-109.  Indeed, petitioners fail even to propose findings of fact with respect to 1991 and 1992, the first 2 carry years.

We shall sustain respondent's adjustments denying NOL deductions for the years in issue because petitioners fail to prove facts showing that they are entitled to those deductions.

<u>Decision will be entered</u>

<u>pursuant to Rule 155</u>.